```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
HONG MAI,
                                                              NOT FOR PUBLICATION
                        Plaintiff,
                                                              MEMORANDUM & ORDER
            - against -                                       19-MC-543 (PKC) (CLP)

NEW YORK STATE OFFICE OF
TEMPORARY DISABILITY ASSISTANCE;
NEW YORK CITY HUMAN RESOURCE
ADMINISTRATION; METROPLUS
HELAHT PLAN; and GERMER PHARMACY
& SUPPLY,

                        Defendants.
----------------------------------------------------------x
```

PAMELA K. CHEN, United States District Judge:

On October 10, 2000, the Honorable Allyne R. Ross enjoined Hong Mai ("Plainiff") from filing any new actions in this Court without first seeking leave to do so. *See Hong Mai v. N.Y. State Dept. of Welfare*, No. 00-CV-5914 (ARR), slip op. (E.D.N.Y. Oct. 10, 2000). On February 20, 2019, Plaintiff began the instant action by submitting a proposed complaint, along with a motion to proceed *in forma pauperis* and a request for leave to file. Plaintiff's motion to proceed *in forma pauperis* is granted solely for the purposes of this Order. For the reasons that follow, her motion for leave to file is denied and this action is dismissed.

## DISCUSSION

The proposed complaint seeks review of a November 8, 2018 decision of the New York State Office of Temporary and Disability Assistance. According to the proposed complaint, Plaintiff used a mobile wheelchair for about ten years until it broke in June 2011. (Complaint ("Compl."), Dkt. 1 ¶ 10.) Her doctor wrote a prescription for a motorized wheelchair on August

2, 2011. (*Id.* ¶ 11; Exhibit (Ex.), Dkt. 1, at ECF[1] 24.) She filed an application for a new wheelchair at Germer Pharmacy & Supply, but Plaintiff was not provided with a new wheelchair. (Compl. ¶ 11.) In 2014, she submitted a new prescription for a mobile wheelchair to Germer Pharmacy & Supply and was again denied. (*Id.* at ¶ 12.) Plaintiff sought review of both decisions in the New York State Supreme Court for Queens County, which declined to reverse the decisions. (*Id.* at ¶¶ 11-12.) Plaintiff sought a fair hearing with the New York State Office of Temporary and Disability Assistance, which held a hearing on October 26, 2018 under the docket number 78380809. The hearing officer denied her request in a decision dated November 8, 2018. (*Id.* at ¶ 7; Ex., at ECF 7-9).) The hearing officer found that the request was moot because the officer found no record that the appellant had requested authorization for a wheelchair or that such request had been denied. (Ex. at ECF 8.) Thereafter, Plaintiff requested review of the fair hearing decision. By letter dated December 28, 2018, the Office of Temporary and Disability Assistance informed her that she could file a petition for judicial review pursuant to Article 78 of New York's Civil Practice Law and Rules with the New York Supreme Court. (*Id.* at ECF 23.)

Plaintiff now asserts that the decision of the New York State Office of Temporary and Disability Assistance is subject to review under Article 78. (*Id.* at ¶¶ 9, 13.) But she filed the instant proposed complaint with the federal court, which is not subject to New York State procedural rules. The proposed complaint states that Plaintiff is physically disabled and needs the mobile wheelchair to be able to go out. (Compl. ¶ 13.) It requests that Defendants be ordered to appear and that the Court grant the emergency relief of providing Plaintiff with a

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

mobile wheelchair. In her request for leave to file, Plaintiff states that she is disabled and that she needs a mobile wheelchair in order to be independent and go out to do shopping and visit the doctor. (Dkt. 3, at 2.)

Having carefully considered the proposed complaint and request for leave to file, the Court concludes that Plaintiff has not presented valid reasons for lifting the filing injunction against her. *See Biton v. Verilli*, Nos. 17-MC-803, 17-MC-804, 2017 WL 6383885, at *1 (E.D.N.Y. May 15, 2017) (denying plaintiffs' applications for leave to file complaint where their "request does not provide any valid reason to allow the proposed actions to go forward"). The proposed complaint's request for a mobile wheelchair does not present any basis for this Court's subject matter jurisdiction and fails to state a claim entitling Plaintiff to relief in this Court. According to the exhibits attached to the proposed complaint, Plaintiff has not filed the necessary request for authorization of a wheelchair and has not received a denial letter from her health care provider. The New York State Office of Temporary and Disability Assistance thus found that there was no issue for it to review. While an unsuccessful applicant for benefits may request review under Article 78, this provision of New York law provides for review in New York courts and does not apply in federal courts. To the extent that Hong Mai attempts to bring a procedural due process claim under the United States Constitution, the Court does not believe that any such claim would have enough merit to justify lifting the filing restrictions. *See Riano v. Town of Schroeppel*, 13-CV-0352-MAD-TWD, 2015 WL 4725359, at *4 (N.D.N.Y. Aug. 10, 2015) ("New York State statutes provide an opportunity for full and complete judicial review of all administrative determinations. The availability of such judicial review satisfies the dictates of procedural due process." (citing *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.2d 877, 881-82 (2d Cir. 1996)).

## CONCLUSION

For the foregoing reasons, the Court denies Plaintiff's motion for leave to file the proposed complaint and dismisses this action.  The order barring Plaintiff from filing future complaints without leave of the Court remains in effect.  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of an appeal.  *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to enter judgment dismissing this action.

                                                  SO ORDERED.

                                        */s/ Pamela K. Chen*
                                        Pamela K. Chen
                                        United States District Judge

Dated: March 12, 2019
        Brooklyn, New York